UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>JAVAY BOYD,<br><br>       Defendant. | Case No.: 17cr4437-LAB and 19cv1189-LAB<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |

  Defendant Javay Boyd pled guilty pursuant to a plea agreement to one count of importation of methamphetamine and one count of of cocaine. Because she imported 6.9 kilograms of methamphetamine (actual), she was subject to a mandatory minimum sentence of 10 years. The second count involved 2 kilograms of cocaine, and carried a mandatory minimum sentence of five years. Because the two sentences would run concurrently, the mandatory minimum for the second count did not affect the sentence she ultimately received. The Court departed downward based on a motion under 18 U.S.C. § 3553(e) and USSG 5K1.1, and sentenced her to 84 months' imprisonment. She did not file an appeal, but instead filed a motion under 28 U.S.C. § 2255, asking the Court to sentence her to time served.

///

Boyd's motion is entirely conclusory, and gives no cognizable reasons for her claims.

**First Claim**

Boyd's first claim involves the Court's reliance on her criminal history and the nature of the offense at sentencing, but she does not explain how she thinks the Court erred. According to the presentence report as well as both sides' sentencing summary charts, she was in criminal history category IV. The report also discussed the nature of the offense Boyd was being sentenced for. She does not argue that her criminal history or the description of her offense was inaccurate, nor does she explain why the Court should not have taken them into account at sentencing.

Boyd may be asserting that when sentencing her, the Court could not permissibly rely on past convictions or the nature of the offense she pled guilty to. If this is what she means, her claim fails. The Court is <u>required</u> to take into account a defendant's criminal history as well as the nature of the offense she is being sentenced for.  18 U.S.C.A. § 3553(a)(1).

But even if Boyd is claiming that the Court erred in some way when calculating her criminal history category or when it took into account the facts of her offense, such a claim would also fail. Boyd waived collateral attack on a sentence at or below the statutory mandatory minimum term. (Plea Agreement (Docket no. 21) at 11:23–12:2.) Because she was sentenced below the mandatory minimum, she waived her first claim.  Furthermore, claims based on the Court's calculation of the criminal history and consideration of the nature of the offense are ordinarily raised on direct appeal. With exceptions not applicable here, such claims may not be raised in a § 2255 motion. *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (holding that nonconstitutional sentencing errors not raised on direct appeal generally may not be reviewed by way of a § 2255 motion).

Furthermore, this claim is entirely conclusory, and is unsupported by any factual allegations. *See United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.

1980) (holding that mere conclusory assertions in a § 2255 motion are insufficient to warrant a hearing).

**Second Claim**

Boyd also argues that her lawyer was ineffective, because he "did not fight" for her. (Mot. (Docket no. 40) at 5.) Instead, she says, he told her there was no way he could have gotten a better deal than she did, and she was lucky to be sentenced to only 84 months. (*Id.*) Boyd's plea agreement did not waive this claim. (*See* Docket no. 21 at 11:27–28.)

The record confirms that Boyd's lawyer's advice was accurate, and that in fact he advocated for an even lower sentence than the Court imposed. (*See* Docket nos. 29 (government's sentencing summary chart); 30 (Boyd's sentencing summary chart).) She got the benefit of adjustments for minor role and acceptance of responsibility. (*Id.*) Even with these, the guideline range was 121 to 151 months. (*Id.*) But with the benefit of a downward departure, the resulting guideline range as calculated by her lawyer was 84 to 105 months. (Docket no. 30.) And even after this, her lawyer asked for a sentence of only 77 months. (*Id.*) By contrast, the government calculated the guideline range at 120 to 120 months, and recommended a sentence of 120 months. (Docket no. 29.)

To set aside a sentence based on ineffective assistance of counsel, a defendant must satisfy the two-pronged test under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). This requires a showing that counsel's performance was objectively unreasonable, and that as a result, the defendant was prejudiced. *Id.* Boyd supports her claim of ineffective assistance of counsel with nothing but a conclusory assertion that her counsel "did not fight" for her. But her claim is unsupported by any factual allegations suggesting that his performance was anything other than competent. Furthermore, the record shows he obtained excellent results for her, and advocated for an even lower sentence than the Court imposed. No hearing is required, and this claim can be denied on the basis of the

record. *See United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir. 1994) (holding that a district court need not hold a hearing on a § 2255 motion where the record conclusively shows the prisoner is entitled to no relief); *Hearst*, 638 F.2d at 1194.

The motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 1, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge